COMMON PLEAS COURT
MICHELE K. MUMFORD
SHELBY COUNTY CLERK
CASE # 24CV000293

FILED 11/19/2024 05:37 PM

COURT OF COMMON PLEAS

SHELBY COUNTY, OHIO

| | | |
|---|---|---|
| **DARREN REMINGTON and** | : | |
| **MARGARET REMINGTON** | : | |
| 3925 East Minton Circle | : | |
| Mesa, Arizona 85215 | : | Case No._____ |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| **AIRSTREAM, INC.** | : | |
| c/o CT Corporation System | : | JUDGE:_____ |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | COMPLAINT |
| and | : | (WITH JURY DEMAND) |
| **MERCEDES-BENZ, USA LLC** | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | |
| Defendants | : | |

Now come the Plaintiffs, Darren Remington and Margaret Remington, and for their Complaint against Defendants state as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs Darren Remington and Margaret Remington are individuals residing at 3925 East Minton Circle, Mesa, Arizona.

1

2. Defendant Airstream, Inc. ("Airstream") is a foreign profit corporation doing business in Shelby County, Ohio. Airstream may be served through its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219 (hereinafter "Defendant Airstream").

3. Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz") is a foreign limited liability company doing business in Shelby County, Ohio. Mercedes-Benz may be served through its registered agent, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219 (hereinafter "Defendant Mercedes-Benz").

4. The transactions and occurrences involved in this action took place in the State of Ohio, County of Shelby.

5. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds $25,000, exclusive of costs, interest and attorney fees.

## COMMON AVERMENTS

6. On or about June 16, 2023, Plaintiffs Darren Remington and Margaret Remington purchased a new 2023 Airstream Interstate motorhome, VIN W1X8ED6Y6NP469682 from an Authorized Dealership (the "Subject Vehicle"). Please see Exhibit A for the purchase agreement.

7. At the time of purchase, the Subject Vehicle was accompanied by an Airstream factory warranty which, in relevant part, provided for a 3 (three) year/36,000 mile limited warranty (the "Airstream Motorhome Warranty"), as well as a Mercedes-Benz chassis warranty which, in relevant part, provided for a 3 (three) year/36,000 mile chassis warranty and a 5 (five) year/100,000 mile engine warranty (the "Mercedes-Benz Chassis Warranty"). Please see Exhibit B for general warranties. Complete warranties are in Defendants' possession.

2

8. The Subject Vehicle was purchased primarily for personal, family, and/or household purposes.

9. The Defendants' warranties cover any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

10. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted. Shortly after purchasing the vehicle, Plaintiffs noticed defects in the vehicle and returned the vehicle to an Authorized Dealership to repair the defects on at least 3 (three) occasions for defects including sliding door into living area has severe creaking noise behind passenger seat despite numerous repair attempts, awning catches in middle when letting out, awning ripped, hot water inoperable, loose screw in kitchen fan, connection from volta to firefly does not communicate, kitchen faucet has no hot water, kitchen drawers do not stay tight during transit, top drawer comes off track, water leak above entry door, water gets into rearview camera, door shade wrinkled, and A/C compressor, cooktop and microwave do not work..  Please see Exhibit C for repair orders.

11. Authorized Dealership has made repairs to the vehicle, including to the above stated defects in the Subject Vehicle, however the defects continue to exist.  During said repairs the Subject Vehicle was out of service for at least 198 days.

12. Despite the prolonged time during which Defendants were given the opportunity to repair Plaintiffs' Vehicle, Defendants failed to repair the Subject Vehicle to bring it into conformity with the warranties set forth herein.

13. The defects experienced by the Plaintiffs with the Subject Vehicle substantially impaired its use, value and safety to the Plaintiffs, and has shaken the Plaintiffs' faith in the vehicle to operate as dependable transportation.

14. Despite Plaintiffs' repeated efforts to allow Defendants the opportunity to repair the Subject Vehicle, many nonconforming and defective conditions were not repaired and still exist.

15. Plaintiffs directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that they revoked acceptance of the vehicle, rescinded the purchase agreement, and desired a buy-back of the Subject Vehicle, wherein Defendant failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse Plaintiffs pursuant to their rights under Ohio and Federal laws. Please see Exhibit D for written notification to Defendants.

16. Further, Plaintiff pursued the so-called "Back-Up" remedy by taking the Subject Vehicle to an independent repair shop for repairs.

17. In addition, Plaintiffs communicated with Ethan S. Lowe, Esq. in Defendant Airstream's General Counsel's office. In communications with Mr. Lowe, Plaintiffs provided him with the information he requested to obtain the so-called "Back-Up" remedies provided by Airstream in its Warranty. Rather than offer to cover the full diminution of value of the Subject Vehicle or pay for repairs by an independent service shop, Airstream demanded that Plaintiffs fully release their claims against it, agree to keep their experiences confidential, and enter into a non-disparagement agreement with Airstream. In other words, rather than provide the alleged "Back-Up" remedies, Airstream sought to hide that it produced a defective vehicle. Therefore, Plaintiffs have exhausted them. Thus, by *refusing* to provide the "Back-Up" remedies as set forth in its Warranty, Airstream caused these remedies to fail of their essential purpose.

18.     This cause of action arises from the Defendants' breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.

19.     Plaintiffs seek judgment against the Defendants in whatever amount in excess of $25,000 that the Plaintiffs are entitled to, and/or equitable relief, rescission of the purchase agreement, revocation of acceptance, and consequential damages and the costs and expenses of this action.

## COUNT I
## BREACH OF FACTORY WARRANTY

20.     Plaintiffs repeat and incorporate Paragraphs 1 through 17 as set forth above.

21.     Defendant Airstream extended to Plaintiffs a three-(3)-year/36,000-mile limited warranty, and Defendant Mercedes-Benz extended to Plaintiffs a three-(3)-year/36,000-mile chassis warranty and a five-(5)-year/100,000 mile engine warranty ("Warranties").

22.     Plaintiffs, seeking to repair the Subject Vehicle, attempted to exercise their rights under the Warranties.

23.     Defendants, without justification, have failed to honor the terms of the Warranties.

24.     Plaintiffs complied with any terms, conditions, or back-up remedies required by Defendants' warranties.

25.     Defendants have not fixed the defects in the subject vehicle.

26.     As a result of the actions set forth above, Defendants have breached the Warranties.

27.     As a result of the actions set forth herein, Defendants' warranties, limited remedies, and back-up remedies have failed of their essential purpose. Specifically, any so-called "Back-Up" remedies have failed of their essential purpose because the Defendants have refused to provide them.

5

28. As a result of Defendants' breach of Warranty, Plaintiffs have suffered and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants in an amount exceeding $25,000, exclusive of costs, interest and attorney fees.

## COUNT II
## BREACH OF IMPLIED WARRANTY

29. Plaintiffs repeat and incorporate Paragraphs 1 through 24 as set forth above.

30. Both Defendants are a "Merchant" with respect to motor vehicles under ORC 1302.01.

31. The aforementioned Subject Vehicle purchased by Plaintiffs was subject to implied warranties of merchantability under ORC 1302.27.

32. Said implied warranties included, but are not limited to, the following:

a. Said Vehicle was fit for the ordinary purpose of safe, reliable transportation and was thus free from defective parts and workmanship;

b. Said Vehicle was of fair, average quality.

33. Said vehicle was not warranted and represented and Defendants have failed and refuse to repair any defects and nonconformities.

34. Plaintiffs have given Defendants a reasonable opportunity to fix the Subject Vehicle but Defendants have refused to do so within a reasonable time and without costs to Plaintiffs.

35. For the reasons set forth herein, any so-called "Back-Up" remedies that apply to Plaintiffs' warranty claims have failed of their essential purpose because the Defendants have refused to provide them.

36. As a result of Defendants breach of implied warranties, Plaintiffs have suffered and will continue to suffer significant monetary damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter Judgment in favor of Plaintiffs and against Defendants in an amount exceeding $25,000, exclusive of costs, interest and attorney fees.

**COUNT III**
**BREACH OF MAGNUSON-MOSS WARRANTY ACT**

37. Plaintiffs repeat and incorporate Paragraphs 1 through 31 as set forth above.

38. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 et seq., by virtue of 15 U.S.C. § 2310(d)(1)(A).

39. Plaintiffs are consumers as defined by 15 U.S.C. § 2301(3).

40. Defendants are suppliers and warrantors as defined by 15 U.S.C. § 2301(4)(5).

41. The Subject Vehicle is a consumer product as defined by 15 U.S.C. § 2301(6).

42. 15 U.S.C. § 2310(d)(1)(A), requires Defendants, as warrantors, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiffs, as defined in 15 U.S.C. § 2304(d).

43. The actions of Defendants as hereinabove described and in failing to tender the Subject Vehicle to Plaintiffs free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiffs, constitute a breach of the written and implied warranties covering the Subject Vehicle and are a violation of the Magnuson-Moss Warranty Act.

44. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle.

45. As a result of Defendants' breach of factory and implied warranty as set forth above, and Defendants' failure to honor its obligations under its warranties, Plaintiffs have suffered and will continue to suffer damages as enumerated above.

46. Defendants have had a reasonable opportunity to remedy the defects in the vehicle but have failed to do so, thereby entitling Plaintiffs to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

47. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**WHEREFORE**, Plaintiffs pray that this Honorable Court enter an order requiring Defendants to accept return of the Subject Vehicle and refund Plaintiffs the purchase price, together with any and all incidental and consequential damages, including attorney fees as provided by 15 USC § 2310(d)(2) and equitable relief to which Plaintiffs are entitled.

## COUNT IV
## VIOLATION OF NONCONFORMING NEW VEHICLE LAW

48. Plaintiffs repeat and incorporate Paragraphs 1 through 42 as set forth above.

49. Both Plaintiffs are a "consumer" under the Ohio Nonconforming New Motor Vehicle Law ("Lemon Law"), ORC 1345.71(A).

50. Both Defendants are a "manufacturer" under the Lemon Law, ORC 1345.71(B). *See Dillard v. Mallard Coach Co.*, 83 Ohio App. 3d 801, 805 (4th Dist. 1992).

51. The Subject Vehicle is a "motor vehicle" under the Lemon Law, ORC 1345.71(D).

52. The factory warranties given by Defendants covering the Subject Vehicle are "express warranties" or "warranties" under the Lemon Law, ORC 1345.71(C).

8

53. The Subject Vehicle has been subject to a reasonable number of repair attempts for the aforementioned defects:

(a) In the first year or first 18,000 miles, whichever occurs first, three or more attempts been made to repair one problem and the problem continues to exist; and/or

(b) Said motor vehicle has been out of service for repair for a cumulative total of 30 days or more during its first year or 18,000 miles, whichever occurs first.

54. During its first year or 18,000 miles, whichever occurs first, the Subject Vehicle was out of service for repair for at least 198 (one-hundred-ninety-eight) days. All attempted repairs were unsuccessful as the Subject Vehicle continues to have the aforementioned defects.

55. The aforementioned defects substantially impair the use or value of the Subject Vehicle to Plaintiffs and prevent the Subject Vehicle from conforming to the Manufacturer's factory warranty.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

(1) For actual damages in excess of $25,000 according to proof at trial;

(2) Defendants must accept return of the vehicle and refund Plaintiffs the purchase price including options or other modifications installed, the amount of all charges made by or for Defendants, any towing charges and rental costs less a reasonable allowance for Plaintiffs' use of the vehicle.

(3) Pursuant to ORC 1345.72(B), Plaintiffs are entitled to a sum equal to the full purchase price of the vehicle plus all incidental damages, including but not limited to attorney fees based on actual time expended by Plaintiffs' attorney in this action.

## DEMAND FOR JURY TRIAL

**NOW COME** Plaintiffs, Darren Remington and Margaret Remington, by and through their attorney, Shawn Riehl, and hereby demand a trial by jury in the above cause.

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC


By: */s/ Shawn Reihl*

Shawn Riehl (0081180)
772 South Front Street
Columbus, Ohio 43206
(614) 224-8160
shawn@riehllaw.com
eservice@lemonlawgrouppartners.com

Dated: November 19, 2024